1  MORGAN, LEWIS & BOCKIUS LLP
   JOSEPH E. FLOREN, State Bar No. 168292
2  ELIZABETH A. FROHLICH, State Bar No. 195454
   AMY C. SCHULLER, State Bar No. 261338
3  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
4  Tel:  415.442.1000
   Fax:  415.442.1001
5
   Attorneys for Defendants
6  ING Financial Holdings Corporation; ING North
   America Insurance Corporation; ING Life Insurance
7  and Annuity Company; ING USA Annuity and Life
   Insurance Company; Reliastar Life Insurance
8  Company; Reliastar Life Insurance Company of
   New York; and Security Life of Denver Insurance
9  Company

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  John S. Karls,                          Case No. 3:09-cv-03377-SI

14          Plaintiff,                      **DEFENDANT ING FINANCIAL
                                            HOLDINGS CORPORATION'S NOTICE
15      vs.                                 OF MOTION AND MOTION TO
                                            DISMISS PLAINTIFF'S COMPLAINT
16  ING Financial Holdings Corporation, et al.,  FOR CONVERSION PURSUANT TO
                                            FEDERAL RULES OF CIVIL
17          Defendants.                     PROCEDURE 12(b)(6) AND 8(a)(2);**

18                                          **MEMORANDUM OF POINTS AND
                                            AUTHORITIES IN SUPPORT
19                                          THEREOF**

20                                          Hearing Date: TBD
                                            Hearing Time: TBD
21                                          Courtroom: 10
                                            Judge:  Hon. Susan Illston
22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                                             No. 3:09-cv-03377-SI

MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   **NOTICE OF MOTION AND MOTION**

2   TO PLAINTIFF JOHN S. KARLS:

3   PLEASE TAKE NOTICE that on a date to be determined by the Court, or as soon

4   thereafter as the matter may be heard, in Courtroom 10, of the United States District Court for the

5   Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA, 94102,

6   Attorneys for Defendants ING Financial Holdings Corporation, ING North America Insurance

7   Corporation, ING Life Insurance and Annuity Company, ING USA Annuity and Life Insurance

8   Company, Reliastar Life Insurance Company, Reliastar Life Insurance of New York, and Security

9   Life of Denver Insurance Company (collectively, "Defendants") will and hereby do move to

10  dismiss Plaintiff's Complaint for Conversion with prejudice, and without leave to amend,

11  pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2), or, in the alternative, for a

12  more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

13  Defendants move to dismiss the Complaint in its entirety, with prejudice and without

14  leave to amend, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)

15  because:  (1) as a matter of law, Plaintiff cannot state a claim for conversion of the "idea" that is

16  the subject of the Complaint; and (2) Plaintiff has not alleged, and cannot allege, the essential

17  elements of conversion.  In addition, the Complaint should be dismissed under Federal Rules of

18  Civil Procedure 12(b)(6) and 8(a)(2) because it is fatally vague and ambiguous and fails to state

19  sufficient facts to give Defendants fair notice of the purported claims against them.

20

21

22

23

24

25

26  ///

27  ///

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                                    1                              No. 3:09-cv-03377-SI

MOTION TO DISMISS

1      This Motion is based upon this Notice, the accompanying Memorandum of Points and

2 Authorities and Request for Judicial Notice, such further papers as may be filed in support hereof,

3 the pleadings and other papers on file in this case, and such further argument and authority as

4 may be presented hereafter.

5 Dated: July 27, 2009            Respectfully submitted,

6                      MORGAN, LEWIS & BOCKIUS LLP

7

8                      By: /s/ Joseph E. Floren

9                        Joseph E. Floren
                     Attorneys for Defendants

10                      ING Financial Holdings Corporation; ING North
                     America Insurance Corporation; ING Life Insurance

11                      and Annuity Company; ING USA Annuity and Life
                     Insurance Company; Reliastar Life Insurance Company;

12                      Reliastar Life Insurance Company of New York; and
                     Security Life of Denver Insurance Company

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                  2                No. 3:09-cv-03377-SI

MOTION TO DISMISS

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION AND SUMMARY OF ARGUMENT**

3          Plaintiff John S. Karls ("Plaintiff"), a tax attorney and serial *pro se* litigant, baldly claims

4     in this action that Defendants ING Financial Holdings Corporation, ING North America

5     Insurance Corporation, ING Life Insurance and Annuity Company, ING USA Annuity and Life

6     Insurance Company, Reliastar Life Insurance Company, Reliastar Life Insurance Company of

7     New York, and Security Life of Denver Insurance Company (collectively, "Defendants")

8     converted his "idea" for a tax-saving strategy.  But the Complaint is devoid of any allegations

9     explaining how Defendants supposedly stole the "idea", and it is settled in any event that "***there***

10    ***can be no conversion of an idea.***"  *Minniear v. Tors*, 266 Cal. App. 2d 495, 502 (Ct. App. 1968).

11    Plaintiff's claim thus fails as a matter of law.

12          Over the last eight months, Plaintiff has blanketed the courts with sixteen lawsuits,

13    including this one, in which he accuses 147 financial institutions and their affiliates of converting

14    the same "idea," based on the same form complaint.  Request for Judicial Notice ("RJN")

15    Exhibits A-D, G-S.  Although the Complaint here says nothing about how any purported

16    conversion allegedly occurred, the fundamental defects in Plaintiff's claim go beyond mere

17    vagueness of the allegations.  Even had he identified an actual "property" interest susceptible to

18    conversion (which he has not), Plaintiff also has not alleged any wrongful interference by

19    Defendants with his "property" – an allegation that is essential to state a conversion claim.  Nor

20    can he do so, given the nature of the "property" interest claimed.  This flaw is equally fatal,

21    requiring dismissal.

22          Moreover, the Complaint falls far short of giving Defendants fair notice of Plaintiff's

23    alleged claim as required by the Federal Rules of Civil Procedure or presenting facts that establish

24    a "plausible" basis for a claim.  No facts are alleged in the Complaint connecting either Plaintiff

25    or Defendants to the "idea" at issue.  Also absent are any statements describing the alleged

26    "property" interest sufficiently to allow Defendants to frame a response; the basis, if any, for

27    Plaintiff's asserted ownership thereof; any facts regarding the manner of the alleged conversion;

28    and any allegations that Defendants took dominion and control over his "property," much less

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                                   1                              No. 3:09-cv-03377-SI

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  how and when this is supposed to have occurred.  The Complaint is terminally vague and should

2  be dismissed.

## II.    STATEMENT OF THE ISSUES TO BE DECIDED

Pursuant to Civil Local Rule 7-4(a)(3), the following issues are raised by this motion:

(1)    Whether the Complaint must be dismissed without leave to amend because, as a

matter of law, Plaintiff cannot state a claim for conversion of his alleged "idea."

(2)    Whether the Complaint must be dismissed without leave to amend because

Plaintiff has not plead, and cannot allege, that Defendants wrongfully exercised

dominion and control over Plaintiffs' possessory or ownership rights in his "idea."

(3)    Whether Complaint must be dismissed because it fails to provide Defendants with

fair notice of Plaintiff's claim against it.

## III.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Allegations of the Complaint

Plaintiff filed his Complaint against Defendants and two purported entities described as

"The ING U.S.-Tax 'Consolidated Group' of Life-Insurance Corporations" and "The ING U.S.-

Tax 'Consolidated Group' of Non-Life-Insurance Corporations"[2] on June 15, 2009 in the

California Superior Court, San Francisco County.  Defendants timely removed the action to this

Court on July 22, 2009 on the basis of diversity of citizenship between Plaintiff, a California

resident, and Defendants, none of which are California citizens.[3]

Like his fifteen other complaints against other companies, the Complaint attempts to

allege that Defendants converted an "idea" for a tax strategy that Plaintiff supposedly "invented."

---

[1]   This Motion is based upon the facts alleged in the Complaint and those of which the Court
may properly take judicial notice under Federal Rule of Evidence 201.

[2]   No such entities exist, and there has been no purported service of them.  As explained in Part
D, *infra*, the Complaint is defective as against "The ING U.S.-Tax 'Consolidated Group' of
Life-Insurance Corporations" and "The ING U.S.-Tax 'Consolidated Group' of Non-Life-
Insurance Corporations" for the same reasons that it fails as against Defendants, and the
action should be dismissed in its entirety.

[3]   The amount in controversy requirement is satisfied because, among other things, Plaintiff
alleges that the amount of damages sought exceeds $25,000, and the Complaint requests
treble that amount in punitive damages (*i.e.*, at least $75,000).  *See* Notice of Removal
(Docket No. 1) at ¶¶ 14-17.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                           2                           No. 3:09-cv-03377-SI
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   Complaint at 4:7, 5:1-3.  The Complaint describes the allegedly converted "property" as an "idea"

2   through which "two different groups of companies could claim a tax advantage from combining

3   the separate income taxes that each would otherwise pay on a portion of their income into a single

4   tax for which both could claim benefit."  *Id.* at 4:7, 5:1-3.  Plaintiff alleges that a June 30, 2006

5   *Wall Street Journal* article describes the use of this "property" by "a number of companies."  *Id.*

6   at 2:14-16.  The article, which is attached to the Complaint, discusses cross-border and

7   international tax arbitrage strategies.  It makes no mention of Defendants.  The Complaint

8   purports to describe the "idea" further by reference to a general example, again making no

9   mention of Defendants.  *Id.* at 6-7.

10          In fact, the Complaint is completely silent as to how or why Plaintiff has any proprietary

11  interest in the "idea," as well as any connection between Plaintiff's "idea" and Defendants.

12  Instead, Plaintiff simply claims that Defendants, as members of "The ING U.S.-Tax

13  'Consolidated Group' of Life-Insurance Corporations" and "The ING U.S.-Tax 'Consolidated

14  Group' of Non-Life-Insurance Corporations," "are liable for the acts of their unincorporated

15  associations."  *Id.* at 3:1-3.  Plaintiff then alleges that the "ING U.S. parent corporations"[4] acted

16  as "agents for the members of the The ING U.S.-Tax 'Consolidated Group' of Life-Insurance

17  Corporations and The ING U.S.-Tax 'Consolidated Group' of Non-Life-Insurance Corporations"

18  and caused these purported entities to convert the Property, and "accordingly, the Defendant

19  corporations are liable for the acts of their agents."  *Id.* at 3:4-9.  Plaintiff also alleges that

20  Defendants' purported agents, the "ING U.S. parent corporations," were "reckless" in failing to

21  obtain his permission to use his "idea."  *Id.* at 3.

22          The Complaint provides nothing further with respect to the time, circumstances, or

23  manner of the alleged conversion by Defendants, or the nature of any alleged agency.

24  **B.     Plaintiff's Relevant Litigation History.**

25          A member of the Connecticut and New York Bars, Plaintiff describes himself as an

26  "expert U.S. tax attorney."  RJN Exhibit T (affidavit by Plaintiff, with attached resume).  Plaintiff

27  ────────────
[4]     The Complaint does not say whether the "ING U.S. parent corporations" that are the subject
28      of this allegation include Defendants or some other entity or entities.  This ambiguity is
        immaterial to this motion to dismiss.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                    3                    No. 3:09-cv-03377-SI
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1   is also an experienced *pro se* litigant.  In addition to active motion practice in several cases

2   similar to this one now pending in San Francisco Superior Court, it is a matter of public record

3   that Plaintiff has actively litigated numerous cases in state and federal trial and appellate courts

4   across the country.  *See, e.g.*, *Karls v. Prudential Real Estate Affiliates, Inc.*, No. 07-CV-325,

5   2008 WL 318295 (D. Utah Feb. 4, 2008); *Karls v. State*, No. 07-CV-445, 2007 WL 2903739 (D.

6   Utah Oct. 1, 2007); *Karls v. Karls*, No. 04-CV-10248 (D. Mich. filed July 12, 2004); *Karls v.

7   Texaco, Inc.*, No. 03-CV-755 (D. Utah Apr. 23, 2004), *aff'd*, 139 Fed. Appx. 29, 2005 WL

8   1189828 (10th Cir. 2005), *cert. denied*, 546 U.S. 961 (2005); *First Union Nat'l Bank v. Karls*,

9   No. CV-970161871S, 1998 WL 165023, 21 Conn. L. Rptr. 578 (Super. Ct. Apr. 2, 1998); *Karls

10  v. Citicorp Mortgage Co.*, 40 Conn. App. 913, 669 A.2d 633 (App. Ct. 1996); *Karls v. Alexandra

11  Realty Corp.*, 179 Conn. 390, 426 A.2d 784 (1980); *see also* RJN Exhibit U (dockets showing

12  active litigation by Plaintiff in Prudential Real Estate, State of Utah, and Texaco cases).

13  Most recently, Plaintiff began suing financial services companies on his "conversion"

14  theory.  Starting with two lawsuits in San Francisco Superior Court against Wachovia entities in

15  December 2008 and April 2009, and another against Wells Fargo & Co. in March 2009, Plaintiff

16  opposed demurrers, filed various motions and, in May and June 2009, amended his complaints in

17  those other actions to substantially the form of the Complaint in this action.  RJN Exhibits A-B, G

18  (original complaints against Wachovia and Wells Fargo); *id.* Exhibits C-D (amended complaints

19  against Wachovia and Wells Fargo); *id.* Exhibits E-F (state court dockets in Wachovia and Wells

20  Fargo cases).

21  On June 15, 2009, simultaneously with filing this action, Plaintiff filed twelve additional

22  actions naming as defendants numerous leading financial institutions and their affiliates, asserting

23  the same conversion claim at issue here.  *Id.* Exhibit H-S.

24  ### IV.   LEGAL STANDARD

25  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal

26  sufficiency of the claims stated in a complaint.  The complaint should be dismissed under Rule

27  12(b)(6) where there is no cognizable legal theory presented, or insufficient facts alleged to

28  support a cognizable legal theory.  *Navarro v. Block*, 250 F.3d 729, 730 (9th Cir. 2001).  A

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                                4                        No. 3:09-cv-03377-SI

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1    complaint fails to plead sufficient facts when the claim to relief is not "plausible on its face." *Bell*

2    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (affirming dismissal where "plaintiffs have

3    not nudged their claims across the line from conceivable to plausible").  As is the case here, when

4    the facts alleged are equally consistent with an explanation that would not entitle the pleader to

5    relief, plaintiff has not met the plausibility requirement, and his complaint must be dismissed.  *Id.*

6    at 567; *see Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1950 (May 18, 2009) ("[W]here the

7    well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct,

8    the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'")

9    (citing Fed. R. Civ. P. 8(a)(2)).

10        In ruling on this motion, the Court must take Plaintiff's well-pleaded factual allegations as

11    true.  *Twombly*, 550 U.S. at 570.  The Court may consider facts alleged in the Complaint,

12    documents attached to it, and matters that are proper subjects of judicial notice.  *RDF Media Ltd.*

13    *v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005).  The Court properly disregards

14    legal conclusions "couched as factual allegation[s]."  *Papasan v. Allain*, 478 U.S. 265, 286

15    (1986).  Similarly, the Court is not bound to accept as true conclusory statements, unwarranted

16    deductions, or unreasonable inferences.  *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988

17    (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).  Thus, Plaintiff must

18    provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," and "labels

19    and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Iqbal*,

20    129 S.Ct. at 1949 (citations and internal quotations omitted).

21                  **V.**      **ARGUMENT**[5]

22        The Complaint establishes the infirmity of Plaintiff's conversion claim as a matter of law.

23    Plaintiff's "idea" is not a protected "property" interest of the type that can ever be converted, and

---

24    [5]   Solely for purposes of the present motion, Defendants address the deficiencies of Plaintiff's

25    claim under California law, since the sparse allegations of the Complaint do not establish a
        basis for applying other law.  The first-named Defendant, ING Financial Holdings

26    Corporation, is based in New York, and it bears noting that New York law would bar
        Plaintiff's conversion claim for the additional reason that the tort of conversion is unavailable

27    when the subject of the claim is intangible "property" such as Plaintiff's alleged "idea."  *See*
        *MBF Clearing Corp. v. Shine*, 212 A.D.2d 478, 479 (N.Y. App. Div. 1995); *Stern v.*

28    *Kaufman's Bakery, Inc.*, 191 N.Y.S.2d 734, 735 (Sup. Ct. 1959).

MORGAN, LEWIS &amp;
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                5                No. 3:09-cv-03377-SI

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  Plaintiff has not in all events alleged any wrongful interference with his possession or ownership

2  of the "idea."   His claim fails as a result, and these defects cannot be cured by amendment.

3  **A.     Plaintiff Cannot State a Claim for Conversion of an "Idea."**

4          Plaintiff seeks to recover for Defendants' alleged conversion of an "idea" for reducing

5  taxes that Plaintiff "invented."  Complaint at 3:2-4, 17-20.  As a matter of well-established law,

6  however, "there can be no conversion of an idea."  *Minniear,* 266 Cal. App. 2d at 502; *see also*

7  *Melchior v. New Line Prods.*, 106 Cal. App. 4th 779, 793 (Ct. App. 2003) ("the tort of conversion

8  does not apply to ideas").  Ideas are not the "property" of any individual, and may be used

9  commonly by anyone absent a contract or established principle of law prohibiting such use.

10 *Minnear*, 266 Cal. App. 2d at 501-02.  In order to establish ownership protection for sufficiently

11 defined and documented ideas, the law has developed stringent tests, such as those provided in

12 the patent laws, to determine whether and how inventions may be protected.  The Complaint

13 alleges no basis for such protection, instead referring generally to the "idea" and conclusorily

14 claiming ownership.  Complaint at 2:18, 4:7.  In fact, the June 30, 2006 *Wall Street Journal*

15 article attached to the Complaint contradicts Plaintiff's claim to ownership, reporting that the

16 alleged "idea" was then a general tax structuring strategy widely used by numerous banks.

17 Absent allegations of an established and enforceable property interest, Plaintiff cannot state a

18 claim for conversion.

19         This rule springs from common law roots:  conversion at common law applies only to

20 tangible personal property and intangible interests that are merged into or reflected in something

21 tangible.  *Thrifty-Tel, Inc. v. Bezenek*, 46 Cal. App. 4th 1559, 1565 (Ct. App. 1996).  As one

22 California court noted, the very meaning of "conversion" presupposes some definite property

23 capable of being taken, changed, or transformed.  *Olshewski v. Hudson*, 87 Cal. App. 282, 287

24 (Ct. App. 1927).  While a few California decisions have allowed conversion claims to proceed

25 based on intangible rights, the personal property at issue must be capable of definition ***and***

26 ***exclusive possession*** to constitute "property" capable of being converted.  *Kremen v. Cohen*, 337

27 F.3d 1024, 1030 (9th Cir. 2003) (applying California law); *see also Meeker v. Meeker*, 2004 WL

28 2554452, at *4 (N.D. Cal. Nov. 10, 2004) (denying conversion claim for trademark).  In *Kremen*,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                                     6                            No. 3:09-cv-03377-SI

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

for example, the Ninth Circuit applied a three-part test to determine whether a property right exists sufficient to constitute personal property that may be the subject of a conversion claim. "First, there must be an interest capable of precise definition; second it must be capable of *exclusive possession or control*; and third, the putative owners must have established a legitimate claim to exclusivity." *Kremen,* 337 F.3d at 1030 (citing *G.S. Rasmussen & Assocs., Inc. v. Katlitta Flying Serv., Inc.*, 958 F.2d 896 (9th Cir. 1992) (emphasis added)).

Plaintiff's "idea" plainly cannot pass muster.  It is alleged to be in wide circulation and is of a nature that it cannot be exclusively possessed or controlled by anyone.  It thus cannot be converted, and the claim should be dismissed without leave to amend.

**B.**      **Plaintiff Has Alleged No Actionable Interference By Defendant with Plaintiff's Rights.**

To establish the tort of conversion, Plaintiff must show (1) his ownership or right to possession of personal property; (2) Defendants' disposition of the property in a manner that is inconsistent with Plaintiff's property rights; and (3) damages.  *Kremen,* 337 F.3d at 1029; *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 120 (Ct. App. 2007).  The second element, wrongful disposition, requires "an act of wilful [sic] *interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession*."  *De Vries v. Brumback*, 53 Cal. 2d 643, 647 (1960) (citation omitted; emphases added); *see also Moore v. Regents of the Univ. of Cal.*, 793 P.2d 479, 488 (Cal. 1990) (conversion is actual interference with ownership right of possession of personal property).

Thus, beyond Plaintiff's inability to satisfy the first "property" element of the tort based on a mere idea, the use of an idea does not deprive its owner of control and possession, and cannot constitute conversion.  An idea is incapable of exclusive possession or control.  Thus any interference with, use, or taking of it could not prevent its owner from continuing to own, possess, and use the idea.  Under no set of facts could Plaintiff be deprived of the "idea" alleged in the Complaint, which cannot be converted.

Courts that recognize claims for conversion of intangible property do so only where there is an underlying property right capable of exclusive possession, such that the rightful owner could

1    be deprived of use or possession.  *See, e.g., Kremen*, 337 F.3d at 1036 (conversion of an internet

2    domain name); *G.S. Rasmussen*, 958 F.2d at 906 (conversion of rights to government-issued

3    certificate); *Lone Ranger Television, Inc. v. Program Radio* Corp, 740 F.2d 718, 726 (9th Cir.

4    1984) (conversion of copyrighted radio program broadcastings); *A&M Records, Inc. v. Heilman*,

5    75 Cal. App. 3d 554, 570 (Ct. App. 1977) (conversion of rights to original music recordings).

6    Here, however, the Complaint describes no such property right, merely pleading ownership of the

7    "idea."

8           Since Plaintiff's "idea" plainly was not taken from him, Plaintiff cannot establish an

9    essential element of his conversion claim.  The Complaint should be dismissed without leave to

10   amend.

11   **C.    The Complaint Is Insufficient to Provide Fair Notice to Defendants of His Claim.**

12          In addition to its substantive legal insufficiency, the Complaint does not meet the minimal

13   pleading standards of Federal Rule of Civil Procedure 8(a)(2).  The Complaint must contain "a

14   short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ.

15   P. 8(a)(2).  It must, at a minimum, "give the defendant fair notice of what the claim is and the

16   grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41

17   (1957)).  This deferential standard requires "more than labels and conclusions," and "factual

18   allegations must be enough to raise a right to relief above a speculative level."  *Id*.  A complaint

19   that tenders only "naked assertion[s]" devoid of "further factual enhancement," such as the one at

20   issue here, cannot survive a motion to dismiss.  *Id*. at 557.

21          At best, the Complaint asserts in conclusory fashion that Plaintiff owns "property," it is

22   "confidential and proprietary," and that Defendants were "reckless" and converted it.  Complaint

23   at 3:9-10, 12-19; 4:4-5.  Courts "are ***not bound*** to accept as true a legal conclusion couched as a

24   factual allegation."  *Papasan*, 478 U.S. at 286 (emphasis added).  Likewise, "conclusory

25   allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."

26   *Pareto*, 139 F.3d at 699; *Sprewell,* 266 F.3d at 988.  Plaintiff's Complaint is nothing more than a

27   short list of conclusions, with no factual allegations to substantiate his claim for relief.  "[T]he

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                                    8                            No. 3:09-cv-03377-SI

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

1  presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule

2  12(b)(6)."  *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 326 (4th Cir. 2001).

3         Notably absent from the Complaint are any factual allegations that would provide

4  Defendants with actual notice of Plaintiff's claim, assuming he has any basis for suing

5  Defendants at all:  facts demonstrating Plaintiff's ownership of the "idea"; Defendants' use of it;

6  or the time, manner, or method of the alleged conversion.  The description of the "idea" at issue is

7  likewise so vague and confusing that it deprives Defendants of fair notice of what they are

8  supposed to have done.  The description of the "idea" begins with a reference to an attached news

9  article that discusses general international tax arbitrage strategy, but that makes no mention of

10  Defendants.  Complaint at 2:14-16.  The Complaint then goes on to describe the property "in

11  general" and as a "typical Product" that gains tax advantage for corporations.  *Id.* at 4:7-6:3.

12  Finally, the description launches into a hypothetical illustrating the workings of the "idea" that is

13  untethered to any facts at issue in this case or to Defendants.  *Id.* at 6:4-7:3.  Plaintiff's allegations

14  are not "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555,

15  or to establish a "plausible" basis for any claims against Defendants, *id.* at 570.  The Complaint

16  should be dismissed.[6]

17  **D.**     **The Complaint Should Be Dismissed in Its Entirety.**

18         Plaintiff has also named as defendants "The ING U.S.-Tax 'Consolidated Group' of Life-

19  Insurance Corporations," and "The ING U.S.-Tax 'Consolidated Group' of Non-Life-Insurance

20  Corporations," which he alleges "are defined by 26 U.S.C. § 1504 and have been unincorporated

21  associations acting as common-law partnerships."[7]  Complaint at 1:19-21.  Although no such

22  entities exist or have been served with process in this action, the Court should dismiss the case in

23  its entirety because Plaintiff's claim against these alleged entities fails for the same reasons as his

24

25  [6]   Alternatively, because the Complaint "is so vague and ambiguous" that Defendants "cannot reasonably prepare a response," the Court should order Plaintiff to provide a more definite statement pursuant to Federal Rule of Procedure 12(e).

26

27  [7]   The statute cited does not define "The ING U.S.-Tax 'Consolidated Group' of Life-Insurance Corporations" or "The ING U.S.-Tax 'Consolidated Group' of Non-Life-Insurance Corporations."  It merely provides the general definition of the term "affiliated group" used in the Internal Revenue Code.  26 U.S.C. § 1504.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    claim against Defendants.  *See, e.g.*, *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.

2    1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).  Such a

3    dismissal may be made without notice where the claimant cannot possibly win relief.");

4    *Jiramoree v. Homeq Servicing*, 2009 WL 605817, at *2 (C.D. Cal. March 9, 2009) (dismissing

5    complaint as to non-moving defendants where complaint failed to state a claim).

6                                    **VI.    CONCLUSION**

7          For the reasons discussed above, Defendants respectfully request that this Court dismiss

8    the Complaint without leave to amend.

9

10   Dated: July 27, 2009                            Respectfully submitted,

11                                                   MORGAN, LEWIS & BOCKIUS LLP

12

13                                                   By:  /s/ Joseph E. Floren

14                                                       Joseph E. Floren
                                                         Attorneys for Defendants
15                                                       ING Financial Holdings Corporation; ING North
                                                         America Insurance Corporation; ING Life
16                                                       Insurance and Annuity Company; ING USA
                                                         Annuity and Life Insurance Company; Reliastar
17                                                       Life Insurance Company; Reliastar Life
                                                         Insurance Company of New York; and Security
18                                                       Life of Denver Insurance Company

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21231795.3                              10                          No. 3:09-cv-03377-SI

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF